McKenzie v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-165-CR

     BROOK DANIEL McKENZIE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 29208
                                                                                                    

O P I N I O N
                                                                                                    

      Brook Daniel McKenzie appeals his conviction for burglary of a habitation.


 A jury found
McKenzie guilty and assessed punishment, enhanced by one prior felony conviction, at seventy-five years in prison. We affirm.
      In point one McKenzie contends that the trial court erred in admitting into evidence an oral
statement made by McKenzie after his arrest. On September 26, 1992, McKenzie was arrested
for burglary of a habitation. Jerry W. Scarbrough, a Sheriff's deputy for Johnson County,
testified at trial that after the arrest he informed McKenzie of his rights and transported him to the
Johnson County Law Enforcement Center. According to Deputy Scarbrough, McKenzie rode in
the front passenger seat, and Deputy Hoskins rode in the back seat. When asked if McKenzie
made any statements, Scarbrough replied, "Yes, ma'am." The prosecutor then asked, "What did
he say?" Defense counsel objected and filed a "Motion to Surpress" [sic] any alleged statements
of the defendant because the State had not complied with article 38.22 of the Texas Code of
Criminal Procedure. The trial court overruled McKenzie's objection and issued the following
findings of fact and conclusions of law:
(1) The defendant, Brook Daniel McKenzie, was advised of his constitutional and
statutory rights prior to the oral statement being made;
(2) The oral statement made by the defendant, Brook Daniel McKenzie, was a
voluntary statement, made while in custody, but not in response to interrogation;
(3) The oral statement made by the defendant, Brook Daniel McKenzie, falls within
the exception of Article 38.22, Sec. 5, V.A.C.C.P., allowing admission of both res
gestae statements, as well as statements which do not stem from custodial interrogation.

      An oral admission made while in custody is generally inadmissible under section 3 of article
38.22.


 According to section 5 of article 38.22, however, "Nothing in this article precludes the
admission . . . of a statement that is the res gestae of the arrest or of the offense, or of a statement
that does not stem from custodial interrogation . . . ."


 The State does not dispute the fact that
McKenzie was in custody at the time he made the statements. It argues however, that the
statement was admissible because it was not made in response to custodial interrogation. We
agree.
      Scarbrough testified outside the presence of the jury that he read the Miranda


 rights to
McKenzie after they put him in the patrol car and that, when he asked McKenzie whether he
understood each of those rights, McKenzie responded affirmatively. According to Scarbrough,
neither he nor Hoskins questioned McKenzie in any way while transporting him to the county jail. 
Scarbrough also testified that McKenzie's statement was not made as a result of any question,
comment, request, or statement made by either officer. Scarbrough testified that after they had
been in the car about five minutes McKenzie "made the statement that he had better tools at home
than what he took from that man." The defense attorney's cross-examination of Scarbrough at the
motion to suppress focused entirely on the uncontested issue of custody and whether the statement
was recorded in compliance with the provisions of section 3 of article 38.22. At the motion to
suppress, McKenzie denied making any statement to the officers, but he also testified that they did
not interrogate him or ask him any questions on the way to the jail. Finally, Hoskins testified that
after Scarbrough read McKenzie his rights, neither she nor Scarbrough interrogated McKenzie. 
According to Hoskins, McKenzie "stated that, why would he want those tools because he had
better ones at home than the ones he took from that man?" The oral statements made after his
surrender were made after the Miranda warnings were given to McKenzie and not in response to
questioning.


 Because the statement was not made as the result of custodial interrogation, we
overrule point of error one.
      In point two McKenzie contends that the evidence is insufficient to support his conviction for
burglary of a habitation. In reviewing the legal sufficiency of the evidence, we must determine
whether, after viewing the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt.


 
McKenzie testified that he went into the garage to retrieve his cat, which had run under a partially
opened garage door. As a result, McKenzie argues on appeal that the evidence does not exclude
every reasonable hypothesis other than his guilty intent. Because direct and circumstantial
evidence are subject to the same standard of review, however, the evidence need not exclude every
other reasonable hypothesis.



      Intent, as an essential element of the offense of burglary, may not be left simply to speculation
and surmise.


 However, the jury is exclusively empowered to determine the issue of intent, and
the events of a burglary may imply the intent with which the burglar entered.


 Sam Bigler, the
homeowner whose garage was burglarized, testified that, when he and his wife arrived home late
in the evening, he saw a car backed into their driveway. According to Bigler, his weed eater and
chain saw, which were normally kept in the garage, were on the ground beside the car. When he
noticed a light flashing around inside the garage he "hollered for whoever was in [his] garage to
come out." After Bigler fired two shots in the air, McKenzie crawled out from under the partially
opened garage door. Bigler confronted McKenzie in the driveway with a gun, but McKenzie
eventually "broke" for his car and escaped down the driveway. A neighbor, alerted by Bigler's
wife, pursued McKenzie in his truck until the police were able to arrest him. Jeff Moran, a
Johnson County Sheriff's Department detective, testified that, during an inventory of McKenzie's
car, he found a tool chest, assorted tools, an air compressor, a pair of tree pruners, and a sabre
saw, identified by Bigler as tools missing from his garage after the burglary. Finally, we note
McKenzie's incriminating statement, made to the officers after his arrest while being transported
to the county jail. Viewing the evidence in the light most favorable to the verdict, we conclude
that any rational trier of fact could have found, beyond a reasonable doubt, that McKenzie
intended to commit theft at the time he entered the garage.


 Accordingly, we overrule point of
error two.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 26, 1993
Do not publish